UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EILEEN JAMES,

                Plaintiff,

                                                          <u>DECISION AND ORDER</u>

                                                          10-CV-6429L

                v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,
Administration of the United States,

                Defendant.
_____

        Eileen James ("plaintiff") brings this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the final determination of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income and disability insurance benefits.  Plaintiff has moved for summary judgment pursuant to Fed. R. Civ. Proc. 56 (Dkt. #12), and the Commissioner has cross moved to remand these proceedings to consider new and material evidence, pursuant to Sentence 6 of Section 205(g) of the Social Security Act.  42 U.S.C. 405(g) (Dkt. #16).  For the reasons set forth below, the Commissioner's cross motion is granted, plaintiff's motion is denied without prejudice, the decision of the Commissioner is vacated, and the case is remanded for further administrative proceedings.

        Following the Appeals Council's denial of plaintiff's request for review on June 4, 2010, the plaintiff sought to add "new evidence" to the record -- specifically, a favorable ALJ decision rendered on February 15, 2001 (the "favorable decision"), which concluded that plaintiff had become disabled on or before June 18, 2009, the date of the initial ALJ determination in this case.  The Commissioner contends that the exhibits which supported the favorable decision may constitute sufficient new evidence to justify further consideration of the instant case.

In order to remand a disability claim for further administrative procedures, a court must find "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Remand is an appropriate remedy in two situations: (1) where the Commissioner requests a remand before answering the complaint; or (2) where new, material evidence is adduced that was not produced before the agency. *See Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999).

Here, the Commissioner's remand request is apparently based upon the inconsistency between the Social Security Administration's ("SSA") initial unfavorable determination, and the favorable one that followed. The Commissioner argues that the evidence adduced in support of plaintiff's more recent, successful application likely includes the results of objective tests and other medical records which may be material to and supportive of plaintiff's prior application, and may have been omitted from (or unavailable at the time of) the earlier application.

I concur. The SSA has reached opposing conclusions based on largely similar facts. It is necessary for the SSA to reconcile those decisions to the extent they are contradictory, examine any new evidence adduced in the later action, and determine what bearing, if any, that evidence has on the decision appealed from herein and/or the onset date of plaintiff's disability.

## CONCLUSION

For the foregoing reasons, the Commissioner's cross motion for remand of this matter to the SSA (Dkt. #16) pursuant to sentence six of 42 U.S.C. § 405(g), is granted. Plaintiff's pending motion for summary judgment (Dkt. #12) is denied without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 15, 2011.