UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EILEEN JAMES,

                              Plaintiff,

                                                    DECISION AND ORDER

                                                    10-CV-6429L

              v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,[1]

                              Defendant.
_____


        Pending before the Court is a motion brought on behalf of plaintiff, a prevailing party in

this action for Social Security benefits, by her counsel, Jere B. Fletcher.  Counsel seeks an order

on behalf of his client, awarding attorneys fees and costs in the amount of $13,113.35, pursuant

to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.  (Dkt. #21).

        The Commissioner opposes plaintiff's motion, on the grounds that the request is

excessive.  I agree.  After considering all of the relevant factors I find that there should be a

significant reduction of the fee award.

_____

        [1]Plaintiff's complaint names former Commissioner of Social Security Michael J. Astrue
as the defendant.  Carolyn W. Colvin, the current Acting Commissioner, automatically is
substituted as the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

Under the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. §2412(d)(1)(A).  EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. §2412(d)(2)(A).  The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Alnutt v. Cleary*, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998).  In assessing reasonableness, the Court examines the circumstances surrounding the case, including whether it presented novel issues or law, or particularly complex facts.  *See Scott v. Astrue*, 474 F. Supp. 2d 465, 466 (W.D.N.Y. 20007).

The Commissioner does not challenge the hourly rates that plaintiff's counsel seeks to charge: $179.57 per hour for work performed in 2010, $185.04 per hour for 2011 and $193.15 per hour for 2014.  I find that those rates, set at the statutory maximum and adjusted for inflation, are reasonable.  See 28 U.S.C. § 2412(d)(2)(A).  *See generally Barbour v. Colvin*, 2013 U.S. Dist. LEXIS 104425 at *2 (E.D.N.Y. 2013) (approving attorneys fees of $192.39 per hour); *Rocchio v. Commissioner*, 2012 U.S. Dist. LEXIS 111720 at *10 (S.D.N.Y. 2012) (hourly rates between $177.80 and $184.90 per hour are reasonable); *Thorne v. Astrue*, 2012 U.S. Dist. LEXIS 97 at *11 (W.D.N.Y. 2012) (approving rate of $170 per hour).  However, the Commissioner does object to the amount of time spent on this matter – 70.25 hours, nearly 20% of which were spent preparing the instant motion.

The Court has broad discretion to determine the amount of time reasonably expended. *Aston v. Secretary of Health and Human Serv.*, 808 F.2d 9, 11 (2d Cir.1986).  Generally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time.  *See e.g., Cruz v. Apfel*, 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); *Grey v. Chater*, 1997 WL 12806 at *1 (S.D.N.Y. 1997). Where the facts of a specific case warrant it, courts do not hesitate to award fees for hours in excess of the norm.  *See Scott v. Astrue*, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007) (awarding EAJA fees for 51 hours of attorney time); *Kania v. Shalala*, 1995 WL 307604 (W.D.N.Y. 1995) (awarding fees for 51.9 hours of attorney time spent on matter presenting complicated medical issues).

The Court has considered the history of this case, which is primarily comprised of the preparation and filing of the complaint and review of the medical record in 2010, research and preparation of motions for judgment on the pleadings and to add new evidence in 2011, and preparation of the instant motion in 2014.  While the plaintiff's submissions were thorough and the arguments contained in plaintiff's motion for judgment on the pleadings may well have contributed to the Commissioner's decision to cross move for remand of the matter pursuant to Sentence 6 of Section 205(g) of the Social Security Act, 42 U.S.C. 405(g), they presented no unique or novel issues.  Plaintiff's counsel has also included time entries for accomplishing routine clerical matters not requiring any legal expertise.  On balance, I find that the hours expended by plaintiff's counsel in preparing motions, including the instant motion, are excessive. I therefore reduce the hours for which plaintiff's counsel may be compensated from 11.65 to 6.00 in 2010, 41.35 to 20.00 in 2011, and from 17.35 to 10.00 in 2014.  Multiplying the reasonable hours expended by counsel –36.00 in total – by the reasonable hourly rate for each year, counsel

is entitled to $1,077.00 for work in 2010, $3,700.80 for work in 2011, and $1,931.50 for work in 2014.  The EAJA attorney's fee award therefore totals $6,709.30, plus costs of $18.81, for a total of $6,728.11.

## CONCLUSION

Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 (Dkt. #21) is granted in part, and plaintiff's counsel is entitled to fees and costs in the amount of $6,728.11.  Pursuant to the Supreme Court's directives in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the award is to be made payable to plaintiff.  Subject to the provisions of the Debt Collection Improvement Act and any other relevant provisions of federal and state law, plaintiff is ordered to remit whatever attorney fees are owed to her attorney, pursuant to the provisions of any existing fee agreement.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 12, 2014.

4